IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORA HRUSKA, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>POWER HOME REMODELING GROUP, LLC,<br><br>    Defendant. | Case No. 1:20-cv-01143 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, NORA HRUSKA ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of Defendant, POWER HOME REMODELING GROUP, LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action seeking damages as well as injunctive relief because Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") by causing unsolicited calls to be made to Plaintiff's and other class members' cellular telephones through the use of an auto-dialer.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

4. Plaintiff NORA HRUSKA is a citizen of the State of Illinois and resides in Worth, Illinois.

5. Defendant POWER HOME ROMEDELING GROUP, LLC is a limited liability company organized under the laws of the State of Delaware. Defendant maintains its headquarters in Chester, Pennsylvania. Defendant also maintains a registered agent in Illinois, namely Illinois Corporation Service C, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. Defendant acted through its officers, directors, vice-principals, agents, servants, or employees at all times relevant to the instant action and any such act was done with complete authorization, ratification, or approval of the Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## GENERAL ALLEGATIONS

7. Defendant is a home remodeling company that operates in several states throughout the United States. As part of its telemarketing scheme, Defendant uses a sophisticated telephone dialing system to call individuals en masse to promote their services.

8. Upon information and belief, Defendant obtain individuals' by purchasing marketing lists containing consumers' phone numbers.

9. Defendant placed these phone calls to consumers without ever obtaining their consent to call and without ever having had a prior relationship with them.

10. Upon information and belief, Defendant's sophisticated telephone dialing system it used to call consumers is an automatic telephone dialing system ("ATDS").

11. Upon information and belief, Defendant's sophisticated dialing system has the capacity to produce telephone numbers using random or sequential number generator in order to attempt to solicit the business of as many consumers as possible.

12. The Federal Communications Commission ("FCC") has held that a creditor on whose behalf an autodialed or prerecorded message is made to a wireless numbers bears responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748.

13. As such, an entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Rather the entity is deemed to have initiated the call itself.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF HRUSKA

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6059.

15. At all times relevant, Plaintiff's number ending in 6059 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. In or about the last week of September, 2019 or first week of October, 2019, Defendant placed an unsolicited marketing call to Plaintiff's cellular phone from the phone number (847) 916-5363.

18. Upon answering Defendant's call, Plaintiff noted a distinct pause before being connected to a female representative who tried to sell to Plaintiff the Defendant's services.

19. In response, Plaintiff advised Defendant's representative that she was not interested and to please stop contacting her and to remove her from their list.

20. Despite Plaintiff's request, Defendant continued to call Plaintiff.

21. Some examples of the dates in which Defendant called Plaintiff include, but are not limited to, October 14, 2019, October 15, 2019, October 16, 2019, November 20, 2019, November 27, 2019, December 2, 2019, January 29, 2020, and February 3, 2020.

22. On February 11, 2020, at 12:52 p.m. central standard time, Plaintiff received yet another call from Defendant. Plaintiff answered this call and said "hello, hello." After a pause, Plaintiff heard a male voice state, "Hi Nora." Plaintiff then disconnected the call.

23. Upon information and belief, Defendant's automated system called Plaintiff on every occasion.

24. Upon information and belief, given the noticeable pause after Plaintiff answers a call along with volume and frequency of the calls, Defendant called Plaintiff using an ATDS.

25. At no time did Plaintiff provide Defendant with express written consent to place calls to her cellular phone.

26. Defendant has called, and continues to call, Plaintiff dozens of time.

27. Defendant's calls to Plaintiff violate 47 U.S.C. §227(b)(1).

28. Plaintiff believes that Defendant calls, and continues to call, thousands of cellular phone customers to market its products without consent as mandated by the TCPA.

29.     Plaintiff, in order to redress injuries caused by Defendant's violations of the TCPA, on behalf of herself and a class of similarly situated individuals, brings the instant action under the TCPA, 47 U.S.C. §, et seq.

30.     On behalf of the Plaintiff Class, Plaintiff also seeks an injunction requiring Defendant to cease all cellular telemarketing activities and an award of statutory damages to the class members, together with costs and reasonable attorney fees.

## CLASS ALLEGATIONS

31.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States who received a call made by or on behalf of Power Home Remodeling Group LLC on his or her cellular telephone where the call was made using an automatic telephone dialing system without the persons' prior express written consent during the period from January 1, 2017 to the date of certification.

33.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's counsel and Defendant's counsel; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

34. This suit seeks damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Putative Class.

35. Plaintiff reserves the right to expand the Putative Class definition to seek recovery on behalf of additional persons as facts are learned in further investigation and discovery.

36. Plaintiff and members of the Putative Class were harmed as follows: Defendant, either directly or through agents, illegally contacted Plaintiff and the Putative Class members via their cellular telephone by using an ATDS causing Plaintiff to incur cellular telephone charges or reduce cellular phone time for which Plaintiff and the Putative Class members previously paid, and invading the privacy of Plaintiff and the Putative Class members.

**A. Numerosity**

37. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

38. Upon information and belief, Defendant made phone calls to thousands of consumers who fall into the definition of the Putative Class.

39. Members of the Putative Class can be objectively identified from records of Defendant or its agents.

**B. Commonality and Predominance**

40. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class. Common questions for the Putative Class include, but are not necessarily limited to the following:

    a. Whether Defendant used an "automatic telephone dialing system" as defined by the TCPA and applicable FCC regulations and orders.

      b.      Whether Defendant had prior express consent to contact Plaintiff and the members of the Putative Class when it placed, or caused to be placed, phone calls to their cellular phones using an automatic telephone dialing system.

      c.      Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the Putative Class are entitled to treble damages.

**C.    Typicality**

41.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.    Superiority and Manageability**

42.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43.    The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

44.    By contrast, a class action provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

45.    Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46.    Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

47. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of 47 U.S.C. § 227 *et seq*. (TCPA)
### (On behalf of Plaintiff and the Members of the Putative Class)

48. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. Among other things, the TCPA prohibits certain calls to wireless and residential numbers unless the caller has the prior express consent of the called party. 47 U.S.C. §227(b)(1)(A).

50. Under the TCPA consent rules, some types of calls require prior express *written* consent, while other types of calls do not require that the consent be in writing.

51. "Prior express *written* consent" is required for (a) all telemarketing/promotional calls/texts made using an ATDS placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.[1]

52. The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

---

[1] 47 C.F.R. §§64.1200(a)(2), (a)(3).

53. Defendant, or an entity acting on Defendant's behalf, placed or caused to be placed, solicitation phone calls to Plaintiff and the Putative Class Members' cellular telephones utilizing an ATDS without the prior express written consent either Plaintiff or the Putative Class Members in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

54. Upon information and belief, based on the noticeable pause Plaintiff experienced upon answering Defendant's phone calls along with the volume and frequency of the calls, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

55. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the conspicuous delay before being connected to a live representative.

56. Upon information and belief, the system employed by Defendant to place the calls to Plaintiff, and the Putative Class Members' cellular phones, produced the Plaintiff and the Putative Class Members' telephone numbers using a random or sequential number generator. Plaintiff never provided her phone number to Defendant.

57. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

58. As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

59. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

60. Plaintiff and the Putative Class Members are also entitled to, and seek, injunctive relief prohibiting the aforementioned conduct in the future.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

A. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of Sulaiman Law Group, Ltd. as Class Counsel;

B. An order finding that Defendant violated the TCPA;

C. An order enjoining Defendant from placing or causing to place further violating calls to consumers;

D. An award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. An award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation;

F. An award of reasonable attorneys' fees and court costs in this action;

G. An award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, individually and on behalf of the Putative Class, demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 17, 2020                         Respectfully submitted,

                                                            By: */s/ Majdi Y. Hijazin*

                                                            Majdi Y. Hijazin, *Of Counsel*
                                                            Sulaiman Law Group, Ltd.
                                                            2500 South Highland Avenue
                                                            Suite 200
                                                            Lombard, Illinois 60148
                                                            (630) 575-8181
                                                            mhijazin@hijazinlaw.com